IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| LUTHER TUCK ANDERSON,<br><br>      Plaintiffs,<br><br>vs.<br><br>WRIGHT NATIONAL FLOOD INSURANCE COMPANY,<br><br>      Defendants. | Case No.:   9:18-cv-1250-BHH<br><br><br><br>COMPLAINT |

**COMPLAINT: JURY TRIAL DEMANDED**

The Plaintiffs would respectfully show this court as follows:

1. The Plaintiff, Luther Anderson, is the owner of a beachfront home located at 106 Harbor Drive North, St. Helena Island, South Carolina 29920 which is situated in Beaufort County and was the owner of such property at all relevant times herein.

2. The Defendant, Wright National Flood Insurance Company (hereinafter "WNF Ins. Co."), is an insurance company licensed to insure risks and transact business in Beaufort County, South Carolina.

3. WNF Ins. Co. issued a flood insurance policy (policy number 39 1150312725) to Plaintiff for his residence located at 106 Harbor Drive North, St. Helena Island, South Carolina 29920 which policy was renewed annually and was in effect during all relevant times.

4. The flood policy issued to Plaintiff by Defendant is subject to federal guidelines and provisions set forth in the National Flood Insurance Program (hereinafter "NFIP").

5. Subsequent to Plaintiff obtaining the above mentioned flood insurance policy, Plaintiff's home was severely damaged due to flooding and erosion caused by Hurricane Matthew on October 8, 2016.

6. Plaintiff filed a timely claim with WNF Ins. Co. on February 2, 2017 for proceeds of the insurance policy he purchased which covered the damage caused by Hurricane Matthew.

7. WNF Ins. Co. has not paid for the damage to Plaintiff's home pursuant to the terms of the policy; Furthermore, WNF Ins. Co. has failed to properly investigate or respond to the claim filed by Plaintiff.

8. The parties hereto and the subject-matter hereof, are within the jurisdiction of this Honorable Court.

## FACTUAL ALLEGATIONS

9. Plaintiff's flood insurance contract with WNF Ins. Co. included coverage for direct physical loss caused by flooding to Plaintiff's home and the contents within.
10. Plaintiff's flood policy issued by WNF Ins. Co. provided coverage of up to $250,000 in replacement cost or actual cash value of the building and coverage of up to $100,000 for the contents of the building.
11. Coverage under the policy included protections for damages caused by storm surge, wave impact and other damages typically associated with hurricanes.
12. Plaintiff paid WNF Ins. Co. all the required monthly premiums as well as additional renewal fees for the flood insurance policy.
13. Prior to October 8, 2016, Plaintiff had properly maintained their beachfront home and complied with all the terms of their insurance policy contract.
14. On October 8, 2016, Plaintiff's home was directly damaged by flooding caused by Hurricane Matthew.
15. As a result of the Category 2 hurricane, flooding and the resulting storm surge caused extensive damage to the structural integrity of the Plaintiff's home.
16. As a result of the flood damage caused by Hurricane Matthew, Plaintiff's home sustained extensive damage to the structural components and other features of the building and permanent loss or damage to the contents located within the home.
17. In addition to structural damage to the home, the extensive storm surge and flooding during Hurricane Matthew resulted in the erosion on the ocean side portion of the Plaintiff's property.
18. The total cost to repair the damage to the home and replacement or repair of the contents exceed the $350,000 policy limits available through Plaintiff's coverage with WNF Ins. Co.
19. The total cost to replace the building and beach erosion control features damaged by the storm pair the damage to the home exceed the $250,000 policy limits available through Plaintiff's coverage with WNF Ins. Co.
20. The Plaintiff filed a claim with WNF Ins. Co. on February 2, 2017 for payment of the policy benefits provided in their contract.

21. WNF Ins. Co. failed to send a formal denial of Plaintiff's claim and has failed to reasonably respond to Plaintiff's inquiries as to the status of his claim.
22. WNF Ins. Co. further failed to act reasonably in responding to Plaintiff's claim, including a failure to reasonably respond to Plaintiff's inquiries regarding his claim in a clear or timely manner.
23. Since the time Plaintiff's home was damaged by Hurricane Matthew, he has been unable to use the home and access to the home has been restricted by local government authorities due to safety concerns with the structural integrity of the home and surrounding property.

## FOR A FIRST CAUSE OF ACTION
### (BREACH OF CONTRACT)

24. A valid contract exists between the parties based on valuable consideration (payment for the policy premiums) paid by the Plaintiff for a benefit to be provided by the Defendant.
25. Defendant owed a duty under the express terms of the contract to pay the policy benefits for certain types of damage which occurred as a result of Hurricane Matthew on October 8, 2016.
26. The type of damage caused to Plaintiff's home, including but not limited to damage caused by flooding and storm surge commonly associated with a category two hurricane were covered pursuant to the terms of Plaintiff's contract for insurance entered into with the Defendant.
27. Defendant has refused to pay Plaintiff's claim pursuant to the terms of the insurance policy thereby constituting a breach of contract.
28. As a result of WNF Ins. Co.'s conduct, Plaintiff is entitled to recover actual (direct and consequential) damages in an amount to be determined at trial, as well as pre-judgment interest.

## FOR A SECOND CAUSE OF ACTION
### (NEGLIGENCE)

29. All allegations contained in paragraphs one (1) through twenty-eight (28) are realleged and hereby incorporated as if fully set forth herein.

30. The insurance policy sold to Plaintiff by WNF Ins. Co. included coverage for direct physical loss caused by flooding to Plaintiff's real and personal property (building and contents).
31. Plaintiffs has suffered a direct physical loss caused by flooding to his real and personal property (building and contents) as a result of Hurricane Matthew on October 8, 2016.
32. Plaintiff has provided the necessary documentation and a valid assessment of the damage to his real property and loss of personal property including a Proof of Loss as well as a detailed explanation of how the flooding, storm surge and wave impact caused this damage.
33. An independent engineer's report provided to WNF Ins. Co. by Plaintiff includes an assessment of the costs of repairing the damage which would make Plaintiff whole; the costs of which exceed the available policy limits.
34. Despite receiving this information from Plaintiff as well as all other necessary information required in the claims process, WNF Ins. Co. has refused to pay Plaintiff's benefits or further process their claim.
35. WNF Ins. Co. has acted willfully and with conscious disregard of the rights of the Plaintiff in one or more of the following ways:
    a. In failing and refusing to pay benefits or further process Plaintiff's claim with regard to the damages to his home located at 106 Harbor Drive North;
    b. In failing to exercise that degree of care which a reasonably prudent insurance company would have exercised in the same or similar circumstances; and
    c. In such other acts and omissions which may be learned through discovery.
36. As a direct, forseeable and proximate result of WNF Ins. Co.'s conduct, Plaintiff is entitled to actual (direct and consequential) damages, as well as punitive damages against Defendant in an amount to be determined at trial.

### FOR A THIRD CAUSE OF ACTION
### (PROMISSORY ESTOPPEL)

37. All of the allegations contained in paragraphs one (1) through thirty-six (36) are incorporated as if fully set forth herein.

4

38. WNF Ins. Co. conveyed to Plaintiff and led Plaintiff to believe that the damages caused to his home would be covered and that he would be reimbursed promptly by WNF Ins. Co. upon submitting a valid claim.
39. Plaintiff did in fact reasonably rely on the representations of WNF Ins. Co. and it's agents that a claim for covered damages would be paid as long as Plaintiff maintained the premiums and complied with the terms of their contract for the flood insurance policy.
40. Plaintiff has paid out-of-pocket the policy premiums as well as other expenses which are consequential to and a proximate and direct result of their reasonable reliance on WNF Ins. Co.'s representations.
41. WNF Ins. Co. is estopped from denying Plaintiff's claim and is liable to Plaintiff in an amount to be determined at trial.

WHEREFORE, having fully set forth their complaint, Plaintiff prays for judgment against the Defendant for such actual (direct and consequential) damages and punitive damages as a jury may assess, for the costs and disbursements of this action and for such other relief as the court may deem just and proper.

Respectfully submitted,

/s/Alexander R. Stalvey
SC Bar No. 71739 Fed. ID No. 10636
401 Pettigru Street (29601)
P. O. Box 10007 (29603)
Greenville, South Carolina
Phone: (864) 298-0084; Fax: (864) 298-0146
*Attorney for Plaintiff, Luther Tuck Anderson*

May 7, 2018
Greenville, SC